1  KURT A. KAPPES – SBN 146384
   MICHAEL D. LANE – SBN 239517
2  GREENBERG TRAURIG, LLP
   1201 K Street, Suite 1100
3  Sacramento, CA  95814-3938
   Telephone:  (916) 442-1111
4  Facsimile:  (916) 448-1709
   kappesk@gtlaw.com
5  lanemd@gtlaw.com

6  Attorneys for Plaintiff,
   JELLY BELLY CANDY COMPANY
7

8              IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JELLY BELLY CANDY COMPANY,          Civil Action No.

12                    Plaintiff,

13              v.

14  DAVID KLEIN,                        **COMPLAINT**

15                    Defendant.

16

17

18      Plaintiff Jelly Belly Candy Company ("Jelly Belly"), by and though its counsel, Greenberg

19  Traurig, LLP, as and for its Complaint against Defendant David Klein ("Defendant") alleges as follows:

20              **NATURE OF THE ACTION**

21      1.   This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202,

22  seeking a declaratory judgment that certain statements allegedly attributed to Jelly Belly are true and did

23  not defame Defendant, and seeking an injunction prohibiting Defendant from referring to himself as the

24  "founder" of the Jelly Belly Candy Company.

25              **THE PARTIES**

26      2.   Plaintiff Jelly Belly Candy Company is a California corporation incorporated under the laws

27  of California with its principal place of business in Fairfield, California.

28
                                                    Case No.

3.    Upon information and belief, Defendant David Klein is an individual who resides in Ocala, Florida.

### JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000.

5.    This Court has personal jurisdiction over Defendant because this action arises out of and relates to Defendant's contacts with Jelly Belly in California relative to the dispute at issue.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### GENERAL ALLEGATIONS

**A. Background**

7.    Jelly Belly is a confections manufacturer most well-known for its Jelly Belly® jelly beans.

8.    Defendant was not a founder of the Jelly Belly Candy Company.

9.    Jelly Belly is a family-owned and family-operated business with roots dating back more than a century.  After Gustav Goelitz founded the Goelitz family candy business in 1869, his son, Gustav A. Goelitz, incorporated the business as the Goelitz Confectionary Co. on February 1, 1910.  In 1921, a member of the Goelitz family started another business, which later became Herman Goelitz Candy Company, incorporated on October 28, 1975.  The Goelitz Confectionary Co. later merged with and into the Herman Goelitz Candy Company on March 16, 2001, and the resulting entity changed its name to the Jelly Belly Candy Company on March 20, 2001.

10.    In 1976, Defendant came up with the name "Jelly Belly" and hired Jelly Belly, then called the Herman Goelitz Candy Company, to manufacture gourmet jelly beans.  Upon information and belief, during their brief manufacturing relationship between 1976 and 1980, Defendant used the "Jelly Belly" name in connection with his unincorporated business venture.  In 1980, Jelly Belly acquired the Jelly Belly® trademark from Defendant and his business partner for $4.8 million pursuant to a Trademark Assignment and Marketing Agreement dated October 16, 1980.  Since then, Defendant has not been involved with Jelly Belly.

**B. Defendant's Marketing Causes Public Confusion And Requires Correction By Jelly Belly**

11.     Nevertheless, Defendant has attempted to market himself and his own candy products by touting his purported connection with Jelly Belly, including by referring to himself in media reports and promotional material as the "founder" of the Jelly Belly Candy Company.

12.     Because of the confusion in the marketplace caused by Defendant's misleading marketing, Jelly Belly has often been forced to issue public statements clarifying that it is not involved with Defendant or the products Defendant seeks to sell.

13.     For example, in 2019, Defendant launched a line of CBD-infused jelly beans.  In connection with his advertising of that product, Defendant attempted to market them by incorrectly asserting that he was the "founder" of the Jelly Belly Candy Company.  As he intended, Defendant's marketing generated significant media attention, and caused consumers and Jelly Belly's customers to believe, incorrectly, that Jelly Belly was entering the legally-murky CBD and marijuana food product market.  This risked significant legal and reputational harm to Jelly Belly.

14.     Accordingly, on March 19, 2019, Jelly Belly issued a press release, entitled "JELLY BELLY DOES NOT MANUFACTURE CBD JELLY BEANS."  In the release, Jelly Belly stated:

> Due to confusion in the marketplace, Jelly Belly Candy Company would like to take this opportunity to clear up the misconception that it is involved with CBD jelly beans.  David Klein, the creator of the CBD jelly bean product gaining attention within the media this week, is not associated with Jelly Belly Candy Company, its brands, or products.  In 1976, Mr. Klein, an independent third party, came up with the name "Jelly Belly" and other novel marketing ideas.  Jelly Belly Candy Company has not had a relationship with him since 1980 when it acquired the trademark.

> While Jelly Belly does not publicly discuss research and development projects, it can state that it is not pursuing the development of any CBD products at this time, as such products would currently be illegal for Jelly Belly according to the U.S. Food and Drug Administration.

15.     Jelly Belly also sought to correct inaccurate media reports regarding Defendant's CBD products that described Defendant as the "founder" of the Jelly Belly Candy Company.  One such report was an April 3, 2019 article published by Refinery29.  Through its public relations firm, Jelly Belly contacted Refinery29 regarding the incorrect description, and the publication issued a correction to the

article on April 4, 2019, stating:  "An earlier version of this story incorrectly stated that the creator of Spectrum Confections was the founder of Jelly Belly Candy Company."

16.    Defendant's misleading marketing continued.

17.    In 2020, Defendant began to promote a "Gold Ticket" contest, in which Defendant sold entries to a treasure hunt with a candy factory as the grand prize.  Defendant promoted the contest by representing that he was the "founder" of the Jelly Belly Candy Company, which led to significant confusion by consumers and the media that the grand prize would be a Jelly Belly candy factory.  This confusion led to negative speculation about Jelly Belly and risked significant reputational harm risk to Jelly Belly.

18.    Thus, again, Jelly Belly was required to issue a press release clarifying that it was not involved in Defendant's contest and that the winner would not receive one of Jelly Belly's candy factories.

19.    The release, entitled "Jelly Belly has no affiliation with the Gold Ticket Contest," stated:

> Due to confusion in the marketplace, Jelly Belly Candy Company would like to take this opportunity to clear up the misconception that it is involved with a contest that purportedly offers a candy factory as its grand prize. Jelly Belly Candy Company, formerly known as Herman Goelitz Candy Company, has candy making roots back to 1869. It was founded by Gustav Goelitz and remains family owned and operated today.

> David Klein, the sponsor of the "treasure hunt" contest gaining attention within the media this weekend, is not associated with Jelly Belly Candy Company, its brands, or products. In 1976, Mr. Klein, an independent third party, came up with the name "Jelly Belly" and other novel marketing ideas. Jelly Belly Candy Company has not had a relationship with Mr. Klein since 1980 when it acquired the trademark.

20.    Jelly Belly also sought to correct inaccurate media reports regarding the Gold Ticket contest describing Defendant as the "founder" of the Jelly Belly Candy Company.

21.    The initial media attention subsided in late-2020, but the story gained traction again in 2021 when a winner was announced.  A September 20, 2021 article published by The Washington Post regarding the winner's decision to decline acceptance of the candy factory offered by Defendant incorrectly described Defendant as the "founder" of the Jelly Belly Candy Company.  The Washington Post subsequently issued a correction to that article, stating:  "An earlier version of this story misidentified David Klein as the founder of the Jelly Belly Candy Company. Gustav Goelitz was the founder of the

company, which was formerly known as the Herman Goelitz Candy Company. The article has been corrected."

22.     In addition to the two above examples of instances where Defendant's misleading marketing required correction by Jelly Belly to prevent reputational harm, since receiving the last installment of his $4.8 million payment, Defendant has consistently harassed Jelly Belly.  For example, in 2010, Defendant and his son arranged for a documentary about Defendant to be made, in which Defendant portrays himself as a victim of Jelly Belly, implying that the 1980 trademark acquisition was improper (but admitting that he simply regrets his choice to sell).  In 2016, in connection with his attempts to raise funds purportedly to develop new products, Defendant engaged in a public relations campaign to attempt to associate himself with Jelly Belly.  In 2018, when a change in Google's search function caused a picture of Gustav Goelitz to appear when one Googled "who invented Jelly Belly jelly beans," Defendant started a GoFundMe campaign to raise funds to sue Jelly Belly (notwithstanding the donations he received, no such suit was filed).  Defendant has also publicly accused Jelly Belly of defaming him.  These actions have caused false and bullying online attacks by Defendant's "followers," to which Jelly Belly must consistently respond.

**C.  Defendant's Defamation Lawsuit In New York**

23.     Most recently, Defendant instituted an action in New York State Court alleging that Jelly Belly defamed him by seeking to correct inaccurate reports that he was the "founder" of the Jelly Belly Candy Company in connection with Defendant's CBD product and his Gold Ticket contest (the "New York Action").

24.     Specifically, the Complaint in the New York Action (the "New York Complaint") purported to describe three allegedly defamatory statements that Defendant attempted to attribute to Jelly Belly.

25.     First, the New York Complaint quoted Refinery29's April 4, 2019 correction to its article regarding Defendant's CBD product, stating that "[a]n earlier version of this story incorrectly stated that the creator of Spectrum Confections was the founder of Jelly Belly Candy Company."

26.     Second, the New York Complaint alleged that Jelly Belly caused Newswire, a press release distribution company, to reject a press release submitted for distribution by Defendant because it referred to Defendant as the "founder" of the Jelly Belly Candy Company.  E-mails that Defendant attached to the Complaint in the New York Action confirmed that Newswire did not receive instructions from Jelly Belly,

but rather that one of Newswire's distributors raised the issue after reviewing Jelly Belly's press release regarding the Gold Ticket contest, which accurately stated that the Jelly Belly Candy Company was founded by Gustav Goelitz.

27.   Third, the New York Complaint quoted the September 20, 2021 correction to The Washington Post article, which advised that "[a]n earlier version of this story misidentified David Klein as the founder of the Jelly Belly Candy Company" and reported that "Gustav Goelitz was the founder of the company, which was formerly known as the Herman Goelitz Candy Company."

28.   Jelly Belly welcomed the opportunity to defend itself in the New York Action and, hopefully, put an end to years of Defendant's spurious conduct.  Thus, Jelly Belly accepted service of the New York Complaint, timely removed the action to the Southern District of New York, and on July 22, 2022, filed a motion to dismiss Defendant's baseless claims.

29.   In its motion to dismiss, Jelly Belly argued, *inter alia*, that two of the three allegedly defamatory statements upon which the New York Complaint was based were published outside of New York's one-year statute of limitations, and that all three allegedly defamatory statements regarding the identity of the founder of the Jelly Belly Candy Company could not be a basis for a defamation claim because they were true.

30.   Rather than oppose the motion to dismiss, acknowledging that the majority of his claims were barred by the statute of limitations, Defendant sought permission to file a motion to transfer the New York Action to Massachusetts, or in the alternative, for leave to voluntarily dismiss the New York Complaint without prejudice so that he could refile his claims in Massachusetts.  Massachusetts has no relationship to the parties or events giving rise to the New York Action, and Defendant admitted that the sole reason he sought to transfer the New York Action there was to take advantage of Massachusetts' longer statute of limitations applicable to defamation claims.  Defendant recently dismissed the New York Action without prejudice, and Jelly Belly anticipates that Defendant will refile the same claims in Massachusetts.

## **COUNT ONE**

### **(Declaratory Judgment)**

31.   Jelly Belly restates and realleges each of the assertions set forth in the paragraphs above.

32.     Defendant asserts that he has been defamed by Jelly Belly, and in the New York Action, cited three alleged statements he attributes to Jelly Belly that he was not the "founder" of the Jelly Belly Candy Company, which he asserts were false and defamatory.

33.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Jelly Belly and Defendant concerning whether the three statements at issue are false and defamatory.

34.     There is also an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Jelly Belly and Defendant concerning whether Defendant is the "founder" of the Jelly Belly Candy Company, formerly known as the Herman Goelitz Candy Company.

35.     Jelly Belly is therefore entitled to a declaratory judgment that the three statements Defendant attributes to Jelly Belly regarding the "founder" of the Jelly Belly Candy Company are true and are not defamatory as to Defendant, and that Defendant is not the "founder" of the Jelly Belly Candy Company.

**PRAYER FOR RELIEF**

WHEREFORE, Jelly Belly respectfully requests the following relief:

A.  A judgment declaring that the three statements Defendant attributes to Jelly Belly regarding the "founder" of the Jelly Belly Candy Company are true and are not defamatory as to Defendant;

B.  A judgment declaring that Defendant is not the "founder" of the Jelly Belly Candy Company;

C.  An order permanently enjoining Defendant from referring to himself as the "founder" of the Jelly Belly Candy Company;

D.  An award to Jelly Belly of damages, pre- and post-judgment interest, attorneys' fees and costs, and any and all other relief to which Jelly Belly may show itself to be entitled; and

E.  An award to Jelly Belly of any other relief that the Court may deem just and proper under the circumstances.


Date:  August 26, 2022                    **GREENBERG TRAURIG, LLP**

                                          */s/Kurt Kappes*
                                          Kurt Kappes
                                          Michael D. Lane

                                          *Attorneys for Plaintiff*
                                          *Jelly Belly Candy Company*