David Klein
8749 NE Jacksonville Rd.
Anthony, Florida 32617
P: 909.964.5353
candymankitchens@gmail.com

Pro Se Defendant,
DAVID KLEIN

FILED

DEC 02 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

JELLY BELLY CANDY COMPANY,

      Plaintiff,

v.

DAVID KLEIN,

      Defendant

_____/

No. 2:22-CV-01509-KJM-JDP

BY FAX

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant David Klein, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectfully files this Motion to Dismiss Plaintiff's Complaint.

The grounds for this motion are set forth more fully in the attached memorandum incorporated by reference herein.

Date: December 1, 2022

                                      Respectfully submitted,
                                      /s/ *David Klein*
                                      David Klein.

                                      *Pro Se Defendant
                                      David Klein*

David Klein
8749 NE Jacksonville Rd.
Anthony, Florida 32617
P: 909.964.5353
candymankitchens@gmail.com

Pro Se Defendant,
DAVID KLEIN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JELLY BELLY CANDY COMPANY,

       Plaintiff,

v.

DAVID KLEIN,

       Defendant

_____/

No. 2:22-CV-01509-KJM-JDP

MEMORANDUM

## DAVID KLEIN'S MEMORANDUM IN SUPPORT
## OF HIS MOTION TO DISMISS

Plaintiff ("Jelly Belly Candy Company") filed this action under 28 U.S.C §§ 2201 and 2202, seeks a declaratory judgment that certain statements made by Jelly Belly are true and did not defame David Klein ("Defendant"), and seeks an injunction prohibiting Defendant from referring to himself as the "founder" of the Jelly Belly Candy Company. This Court, however, lacks personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and the Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

2

**PRELIMINARY STATEMENT**

In filing this suit the Plaintiff is attempting to discourage Mr. Klein from seeking lawful remedies in another jurisdiction and force him to spend money on legal fees in a court that does not have personal jurisdiction over him. Mr. Klein does not have any contact with the state of California, physical or otherwise. Furthermore, the Plaintiff has failed to state a claim upon which relief can be granted as they have admitted that Mr. Klein is the founder and inventor of the Jelly Belly name and the Jelly Belly jelly bean. Mr. Klein has never claimed to be the founder of The Goelitz Confectionary Co. or Herman Goelitz Candy Company which later became known as Jelly Belly Candy Company. The Plaintiff skirts this fact by saying that Mr. Klein claimed to be "'founder' of the Jelly Belly Candy Company"[1]. The failed time and time again to show any statement where Mr. Klein seeks to take credit for founding the Jelly Belly Candy Company.

**BACKGROUND**

In 1976, Mr. Klein came up with the Jelly Belly name and invented the Jelly Belly jelly bean. Shortly thereafter he hired Herman Goelitz Candy Company ("Company") to manufacture his product. The business arrangement lasted between 1976 to 1980, at which point the company acquired Jelly Belly trademark from the Defendant. Since then, Mr. Klein has been involved in multiple business ventures associated with the production of candy and some not. Never has he once personally tried to take credit for the creation of the Company, only taking his due credit for

---

[1] Doc. #1, pg. 2 lines 3,4

3

inventing the name and the product. The fact that news sources reporting on his ventures and success over the years misinterpreted his association with the Company should not be laid at Mr. Klein's feet. Furthermore, to the best knowledge of Mr. Klein until recently, his photo hung in the Company's candy manufacturing facility, and the tour guides referenced his image as the founder of the Jelly Belly jelly bean.

## LEGAL ARGUMENT

*A. The Court Lacks Personal Jurisdiction over Mr. Klein.*

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a case for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper: (1) "'jurisdiction must comport with the state long-arm statute,'" and (2) comport "'with the constitutional requirement of due process.'" *Mattel, Inc., v. Greiner & Hausser GMBH*, 354 F.3d 857, 863 (9th Cir. 2003) (quoting *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995)). As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10. Because California law allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. *Mattel*, 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be

4

proper. *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). The Defendant has not visited, maintained a residence or had solicited any business ventures within the state of California since 2016. In the absence of general jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. *Id.* The Ninth Circuit has established a three-part test to determine whether there is specific jurisdiction over a defendant: 'Specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum. The Defendant has not availed himself to conduct any transactions within the state of California, he does not have any contract with any business nor has he actively sought to conduct any business within the state.  (2) The claim arises out of or results from the defendant's forum-related activities. There are no activities that the plaintiff can point to that would indicate that the Defendant has taken any action that is related to any claims within the state of California, much less any that could have a tentative connection with the frivolous action the Plaintiff is trying to bring. Lastly, (3) the exercise of jurisdiction is reasonable. The Plaintiffs are simply attempting to exhaust monetary funds in having to litigate against the Plaintiff in multiple jurisdictions. Furthermore, Mr. Klein is an elderly individual that has a health condition that makes it difficult if not impossible to travel by plane, making him travel by car from his home state of Florida to California is anything but reasonable, without even taking into consideration that he is unable to drive himself due to his loss of vision. See, *Mattel*, 354 F.3d at 863 (quoting *Bancroft & Masters*

*v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). The Court must assess the contacts of each defendant separately to determine whether personal jurisdiction exists for each particular defendant. See *Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003); *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990); *Gutierrez v. Givens*, 1 F. Supp.2d 1077, 1083 n. 1 (S.D. Cal. 1998). Plaintiff bears the burden of making a prima facie showing that jurisdiction is proper. *Mattel*, 354 F.3d at 862 (citing *Harris Rutsky*, 328 F.3d at 1128). Which the Plaintiff in the current matter has plainly failed to do.. Although plaintiff need only make a prima facie showing that personal jurisdiction exists, plaintiff "cannot 'simply rest on the bare allegations of its complaint.'" *Id.* (internal citation omitted); see also *Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2001). "To make that showing, [plaintiff] need only demonstrate facts that, if true, would support jurisdiction over the [d]efendants." *Id.* "'Conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1075- 76 (9th Cir. 2003) (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); see also *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The Plaintiff has not stated any facts that would indicate any plausible activities on the behalf for Plaintiff that would allow this Court to exercise personal jurisdiction over him. Making an all-encompassing, frivolous, and baseless statement "[t]his Court has personal jurisdiction over [the] Defendant because this action arises out of and relates to Defeating's contacts with Jelly Belly in California relative to the dispute at issue."[2] without adding any facts to what that contact is, should not suffice in order for this Court to force an individual of advanced age to travel across the entire county by public transportation

---

[2] Doc. No. 1, pg. 2, lines 6,7.

6

or be driven by car simply because the Plaintiff thought it would be advantageous to bring the suit in his home state.

*B. Failure to State a Claim*

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. See *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. The Plaintiff has time and time again states, twelve times to be exact, that the Defendant has claimed to be the "'founder' of the Jelly Belly Candy Company"[3] yet, they no once have been able to quote him taking the credit for founding Herman Goelitz Candy Company which later became Jelly Belly Candy Company. Mr., Klein has only ever stated that he invented the Jelly Belly name, the Jelly Belly unincorporated company, and the Jelly Belly jelly bean. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). The Plaintiff's complaint cannot survive this notion to dismiss, as they have admitted to the fact that "[i]n 1976, Defendant came up with the name

---

[3] Doc. No. 1, pg. 1, line 24. Doc. No. 1, pg. 3, line 4. Doc. No. 1, pg. 3, line 10. Doc. No. 1, pg. 3, line 25. Doc. No. 1, pg. 4, line 6. Doc. No. 1, pg. 4, line 22. Doc. No. 1, pg. 4, line 26. Doc. No. 1, pg. 5, lines 17,18. Doc. No. 1, pg. 5, line 27. Doc. No. 1, pg. 7, line 2. Doc. No. 1, pg. 7, lines 15 and 16.

7

'Jelly Belly'…"[4] and hired Herman Goelitz Candy Company, to manufacture gourmet Jelly Belly jelly beans. The payments made for the production of Jelly Belly jelly beans to the Company were by checks[5] made out by The Jelly Belly, Defendant's original company. A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id*. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). As stated above, the Plaintiff has failed to show any statement where he actually took credit for creating the Company, only that he said he was the "founder" which he was, Mr. Klien was indeed responsible for creating the Jelly Belly jelly bean. Why else would the Company, then known as the Herman Goelitz Candy Company, pay Mr. Klein $4.8 million to use his trade mark Jelly Belly?[6] More so, a legal conclusion need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading

---

[4] Doc 1, pg. 1 line 21.
[5] Exhibit A
[6] Doc 1, pg. 2, lines 21-27.

could not possibly be cured by the allegation of other facts. See *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Despite the slew of evidence, the Plaintiff submitted, he could not even once state that Mr. Klein actually claimed to have invented or was the founder of the Company. Without such an allegation, there is no basis for relief on the Plaintiff's legal theory, the suit is moot and should be dismissed without the right to amend.

## CONCLUSION

For all the foregoing reasons, the Court should enter an order: (1) dismissing the Complaint in its entirety under Rules 12(b)(2) for lack of jurisdiction over the Mr. Klein and; under 12(b)(6) dismissing any claim for Declaratory Judgment for lack of sufficiently plead essential facts under that theory in the complaint. Furthermore, for such order and further relief as the court determines proper.

Date: December 1, 2022                                                             Respectfully submitted,

*/s/ David Klein*
David Klein.

*Pro Se Defendant*
David Klein

# Exhibit A



## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, a true copy of the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT and DAVID KLEIN'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS will be hand delivered to the Clerk of Court.

*/s/ David Klein*
David Klein
8749 NE Jacksonville Rd.
Anthony, Florida 32617
P: 909.964.5353
candymankitchens@gmail.com

Pro Se Defendant,
DAVID KLEIN