LAW OFFICE OF DANIEL BERKO
DANIEL BERKO, State Bar No. 94912
819 Eddy Street
San Francisco, CA  94109
Tel: 415.771.6174
Fax: 415.474.3748
E-mail: daniel@berkolaw.com

Attorney for Defendant, DAVID KLEIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JELLY BELLY CANDY COMPANY,<br><br>　　　　　　　Plaintiff,<br>-vs-<br><br>DAVID KLEIN,<br><br>　　　　　　　Defendant. | Case No. 2:22-cv-01509-KHM-JDP<br><br>DEFENDANT DAVID KLEIN'S MOTION FOR ADMINISTRATIVE RELIEF FOR PERMISSION TO WITHDRAW MOTION TO DISMISS AND REFILE A MOTION TO DISMISS<br><br>ADMINISTRATIVE MOTION<br><br>COURTROOM:  14 |

Defendant, DAVID KLEIN, moves this Court for an order allowing him to withdraw his currently pending Motion to Dismiss which is brought under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Defendant JELLY BELLY CANDY COMPANY does not object to this part of the requested relief.

Defendant DAVID KLEIN further moves this Court for an order permitting him to file, instead, a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, for the court to decline to exercise jurisdiction over this Declaratory Relief action as it is allowed to do even if the jurisdictional requirements are met. This would effectively amend the motion to dismiss by withdrawing the currently-stated grounds and asserting jurisdictional grounds and seeking the court to alternatively decline to exercise jurisdiction.   Defendant JELLY BELLY takes no position on whether the Court should allow

this part of the requested relief sought by this motion.

Defendant DAVID KLEIN moves the Court to grant him fourteen days from the date the court acts on this motion to either (1) file the motion to dismiss being requested, if allowed by the Court, or (2) if the court does not permit DAVID KLEIN to file a Motion to Dismiss on the ground of lack of subject matter jurisdiction or, alternatively, for discretionary refusal to exercise jurisdiction, for him to file an Answer and Counter Claim.   Defendant JELLY BELLY does not oppose plaintiff being given fourteen days to file an Answer and Counter Claim from the date the Court grants this motion, if it does.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

I.   INTRODUCTION AND STATEMENT OF FACTS

Plaintiff, THE JELLY BELLY CANDY COMPANY sues defendant DAVID KLEIN for Declaratory Relief in this action.  On December 2, 2022, KLEIN, (In Pro Per) filed a Motion to Dismiss under Rule 12(b)(2) and 12(b)(6) asserting that this Court does not have personal jurisdiction over KLEIN and for failure to state a claim (Doc. 20).  JELLY BELLY CANDY COMPANY opposed the motion on December 16, 2022 (Doc. 24) and also filed a request to be permitted to file a Surreply on January 9, 2023. (Doc 28.) The motion was set for hearing on January 12, 2023.  On January 9, 2023 (Doc. 27, Text Only Entry)  the Honorable Magistrate Judge Jeremy D. Peterson ordered that the motion be submitted without oral argument and vacated the hearing date of January 12, 2023.  On January 13, 2023, the Honorable Dale A. Drozd ordered that this case be deemed related to the case of DAVID KLEIN v. the JELLY BELLY CANDY COMPANY, Case No. 2:23-00035. (Doc. 33).  The cases were deemed related but they were  not and are not consolidated. *Id.* On January 20, 2023, the Honorable Magistrate Judge Jeremy D. Peterson withdrew the referral of this case to a magistrate judge and referred the case back to the Honorable Dale A.  Drozd (Doc. 34).  On February 20, 2023, Daniel Berko appeared in this action on behalf of defendant DAVID KLEIN as local counsel (Doc. 34). On March 2, 2023, Mykola Ishchuk appeared in this action Pro Hac Vice (Doc. 37) as counsel of record for DAVID KLEIN.  On April 28, 2023 Mr. Ishchuk filed a motion to withdraw as counsel for DAVID KLEIN (Doc. 38).  On May 12, 2023, Mr. KLEIN filed a response to Mr.

2

Ischuk's motion to withdraw. (Doc 39.)

DAVID KLEIN no longer seeks to dismiss this case for lack of personal jurisdiction. DAVID KLEIN also considers that it would conserve judicial resources and also be in his interest that he answer the complaint and file a cross-complaint rather than seek to dismiss it in a rule 12(b)(6) motion to dismiss for failure to state a claim.

However, before filing an Answer and Counter Claim, KLEIN would like to move to dismiss the case for lack of subject matter jurisdiction or for the court to dismiss the case in the exercise of its discretion to decline to hear declaratory relief actions.

Although the complaint in this action in conclusory fashion states "the amount in controversy exceeds $75,000" (See JELLY BELLY CANDY COMPANY Complaint, (Doc. 1), page 2, par. 4) defendant challenges that assertion and intends to argue the relief sought has only speculative value and even a reasonable speculation would not show a value of $75,000 even if the relief sought is granted in full.  Defendant also intends to argue that even if the relief sought is found to be in excess of $75,000 the court has the power to decline jurisdiction and should do so.

II.   ARGUMENT

Allowing withdrawal of the presently-set motion to dismiss conserves judicial resources and does not prejudice the JELLY BELLY CANDY COMPANY. In fact, as noted above, it supports KLEIN being allowed to withdraw the currently set motions.  This allows in effect an amendment of the current motion which is allowed.

> Defendant may amend its Rule 12(b) motion before the motion is decided to include additional 12(b) defenses. As long as the original motion is timely and adequate notice is given to the opposing party, grounds added by amendment are not waived. [*Bechtel v. Liberty Nat'l Bank* (9th Cir. 1976) 534 F2d 1335, 1341, fn. 8; *FDIC v. Hartford Ins. Co. of Ill*. (7th Cir. 1989) 877 F2d 590, 591];
>
> Chapter 9, D. Motions to Dismiss (Rule 12(b)), Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial.

There is a substantial argument, and KLEIN believes one that will be successful, that this Court does not have subject matter jurisdiction over this case and even if it does, it should use its discretion to decline to exercise jurisdiction. We discuss in brief below the grounds for the

3

proposed motion while the actual motion will lay out the grounds in full detail.

A lawsuit seeking federal declaratory relief must (1) "fulfill statutory jurisdictional prerequisites" and (2) present an "actual case and controversy within the meaning of Article III, section 2 of the United States Constitution." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)); see also 28 U.S.C. § 2201(a). In a declaratory relief action, the amount in controversy for diversity jurisdiction purposes is "the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

Lack of subject matter jurisdiction, of course, may be raised at any time.  *Mashiri v. Department of Ed*. (9th Cir. 2013) 724 F3d 1028, 1031;. A motion asking the court to use its discretionary powers to decline jurisdiction must be raised in the trial court. *Vasquez v. Rackauckas* (9th Cir. 2013) 734 F.3d 1025, 1039

The Declaratory Judgment Act (28 USC § 2201) says that courts may declare rights. This is an authorization, not a requirement to do so. *[Brillhart v. Excess Ins. Co. of America* (1942) 316 US 491, 494, 62 S.Ct. 1173, 1175; Declaratory relief cannot be granted after defendant has ceased the challenged activities and there is no realistic likelihood of future harm. In such cases, plaintiffs do not "face a continuous, remediable harm that concretely affects their existing interests." [*Feldman v. Bomar* (9th Cir. 2008) 518 F3d 637, 643 (internal quotes omitted).

The key relief sought in this action - that defendant KLEIN not claim he is the founder of the JELLY BELLY CANDY COMPANY is not needed.  KLEIN agrees that he is not the founder of the JELLY BELLY CANDY COMPANY and has no intention of claiming otherwise. The fact that the key relief sought is not needed will be more fully described and stated in KLEIN'S proposed Motion to Dismiss if the court allows him to file it.  Alternatively, he requests that the court allow him fourteen days to file an Answer and Counter Claim, which request is not opposed.

### III. CERTIFICATION RE MEET AND CONFER EFFORTS

Defendant DAVID KLEIN, through counsel, did meet and confer with counsel for Plaintiff the JELLY BELLY CANDY COMPANY prior to filing this motion. As a result of those efforts,

4

as mentioned above, the JELLY BELLY CANDY COMPANY does not oppose the Court granting DAVID KLEIN'S request to withdraw the Motion to Dismiss. Plaintiff, THE JELLY BELLY CANDY COMPANY takes no position on whether defendant DAVID KLEIN should be allowed to file a Motion to Dismiss for Lack of Subject Matter Jurisdiction or alternatively for discretionary dismissal.  Plaintiff THE JELLY BELLY CANDY COMPANY does not object to the court granting DAVID KLEIN fourteen days to file an Answer and Counter Claim after the court rules on this motion.

The parties also met and conferred regarding the proposed Motion to Dismiss.  JELLY BELLY CANDY COMPANY disagrees that the case does not involve $75,000 and disagrees that the court should exercise its discretion to decline jurisdiction.  It was not possible to resolve any of the issues through the meet and confer process.

## IV. CONCLUSION

The Court is respectfully requested to allow defendant KLEIN to withdraw his currently pending Motion to Dismiss and refile a Motion to Dismiss for lack of subject matter jurisdiction or alternatively dismiss the case in the exercise of its discretion.  Alternatively, he requests leave to withdraw the currently pending Motion to Dismiss and be granted leave to file an Answer and Counter Claim within fourteen days of this court's order on this motion.

Respectfully submitted this 17th day of May, 2023.

/s/ *DANIEL BERKO*
DANIEL BERKO, Esq.
Attorney for Defendant DAVID KLEIN