1
2
3
4

LAW OFFICE OF DANIEL BERKO
DANIEL BERKO, State Bar No. 94912
819 Eddy Street
San Francisco, CA  94109
Tel:  415.771.6174
Fax:  415.474.3748
E-mail:  daniel@berkolaw.com

5      Attorney for Defendant, DAVID KLEIN

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10

11     JELLY BELLY CANDY COMPANY,          Case No. 2:22-cv-01509-KHM-JDP

12                      Plaintiff,

       -vs-                                DEFENDANT DAVID KLEIN'S ANSWER
                                           TO COMPLAINT
13     DAVID KLEIN,

14                      Defendant.

15

16

17          Defendant DAVID KLEIN ("Defendant" or "KLEIN") answers the Complaint filed

18     herein by admitting, denying and alleging as follows:

19          In responding to Paragraph 1, to the extent paragraph 1 is intended to have any factual

20     representations, defendant denies each and every allegation therein.

21          In responding to Paragraph 2, Defendant admits paragraph 2.

22          In responding to Paragraph 3, Defendant resides in Anthony, Florida and not Ocala

23     Florida as alleged in the complaint.

24          In responding to Paragraph 4, Defendant denies that the amount in controversy exceeds

25     $75,000, but admits that the action is between citizens of different states.

26          In responding to Paragraph 5, Defendant denies paragraph 5 and specifically denies that

27     this action arises from his contacts with California and therefore denies this paragraph in full.

28

                                              1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In responding to Paragraph 6, Defendant denies that a substantial part of the events and/or omissions complained about occurred in this judicial district and therefore denies this paragraph 6 in full.

In responding to Paragraph 7, Defendant admits paragraph 7.

In responding to Paragraph 8, Defendant admits paragraph 8 but notes that he did indeed found his own company called "The Jelly Belly" and that it was a candy company.

In responding to Paragraph 9, Defendant admits paragraph 9.

In responding to Paragraph 10, Defendant admits paragraph 10

In responding to Paragraph 11, Defendant denies paragraph 11.

In responding to Paragraph 12, Defendant denies paragraph 12, except that Defendant admits that Plaintiff is not involved in any way with Defendant and that Plaintiff has felt it necessary to make that clear at times.  Except as expressly admitted, defendant denies paragraph 12.

In responding to Paragraph 13, Defendant denies paragraph 13, except that he admits that in 2019 he launched a line of CBD-infused jelly beans.  Defendant further admits that Jelly Belly ® had no connection with his launching of the product called Spectrum Jelly Beans.  Without limiting the denial of this paragraph as stated, Defendant specifically denies that he ever claimed to be the 'founder' of Plaintiff in 2019 or in connection with the marketing campaign described in paragraph 13, or in connection with any marketing campaign.

In responding to Paragraph 14, Defendant admits paragraph 14,

In responding to Paragraph 15, Defendant lacks sufficient information or belief to admit or deny paragraph 15, and on that basis he denies it.  Defendant does admit he is not the founder of Jelly Belly®.

In responding to Paragraph 16, Defendant denies paragraph 16.

In responding to Paragraph 17, Defendant denies paragraph 17.

In responding to Paragraph 18, Defendant lacks sufficient information or belief to admit or deny paragraph 18, and on that basis he denies it.

2

In responding to Paragraph 19, Defendant admits Jelly Belly issued the press release quoted in paragraph 19. Defendant admits that the Jelly Belly® Candy Company had no affiliation with the Gold Ticket Contest.  Defendant admits that the Jelly Belly® Candy Company is not associated with Defendant in any way.  Defendant admits that he "came up with the name 'Jelly Belly' and other novel marketing ideas" but except for these admissions, denies paragraph 19.

In responding to Paragraph 20, Defendant lacks sufficient information or belief to admit or deny paragraph 20, and on that basis he denies it.

In responding to Paragraph 21, Defendant lacks sufficient information or belief to admit or deny paragraph 15, and on that basis he denies it, except that Defendant admits that the Washington Post issued what it called a correction that is correctly quoted in paragraph 21.

In responding to Paragraph 22, Defendant denies paragraph 22.

In responding to Paragraph 23, Defendant admits paragraph 23, except that Defendant alleges the material reason for the filing of the New York Complaint was Jelly Belly® Candy Company's interference with his ability to refer to himself as the inventor and/or creator of the Jelly Belly ® jelly bean

In responding to Paragraph 24, Defendant admits paragraph 24.

In responding to Paragraph 25, Defendant admits paragraph 25.

In responding to Paragraph 26, Defendant denies paragraph 26.

In responding to Paragraph 27, Defendant admits paragraph 27.

In responding to Paragraph 28, Defendant denies paragraph 28, except he admits that Jelly Belly® Candy Company accepted service of the New York Complaint and filed a motion to dismiss his claims. Except as expressly admitted, paragraph 28 is denied.

In responding to Paragraph 29, Defendant admits that Jelly Belly® Candy Company filed a motion to dismiss and the motion to dismiss alleged the claims and made the arguments asserted in paragraph 29.  Except as thus admitted, Defendant denies paragraph 29.

In responding to Paragraph 30, Defendant denies paragraph 30 as he did not admit that

the majority of or any of his claims were barred by the statute of limitations and that

Massachusetts had no relationship to the claims made in the New York action or that that was

the sole reason he sought transfer.

In responding to Paragraph 31, this paragraph simply incorporates earlier claims made in

Jelly Belly® Candy Company's complaint and no response is required for that reason.  To the

extent any allegations are deemed repeated, or a response is needed, Defendant reasserts his

responses including, in particular, his denials to the paragraphs as stated above.

In responding to Paragraph 32, Defendant denies paragraph 32 because his allegation that

he has been defamed by Jelly Belly® Candy Company, and had his economic advantages having

been diminished was, at the time the New York complaint was filed, based on the March 31,

2022 email that he received from Newswire which is quoted in the New York complaint at

Document 1-2, page 5.   That claim did not involve a claim that he was defamed by not being

allowed to state he was the founder of the Jelly Belly® Candy Company but rather that he was

not allowed to state that he was the "original inventor and founder of the Jelly Belly® jelly

bean" even though that is a true statement admitted as such by Plaintiff.  To the extent that the

complaint alleged that Defendant was the original founder of plaintiff the Jelly Belly® Candy

Company, that was not intended and is an error.  Defendant further alleges that he was the

creator of the name Jelly Belly® jelly jean and other novel marketing ideas to promote the Jelly

Belly ® Jelly Bean and it was through his efforts, as further described in this answer, that a great

success was made out of the creation of the Jelly Belly® Jelly Bean.  Defendant denies that the

complaint alleged three defamatory statements, but rather two (the Washington Post and

Refinery 29 statement).  Defendant admits that those two statements are not defamatory.  The

third instance complained of in the New York complaint was Newswire's refusal to allow

Defendant to truthfully state he was the inventor or creator of the Jelly Belly ® jelly bean which

at the time of the New York Complaint was filed, was based on the March 31, 2022 email from

Newswire.

4

In responding to Paragraph 34, Defendant denies there is an ongoing controversy "concerning whether Defendant is the 'founder' of the Jelly Belly® Candy Company, formerly known as the Herman Goelitz Candy Company." Defendant does not now and never has claimed he is the 'founder' of the Jelly Belly Candy Company, formerly known as the Herman Goelitz Candy Company."

In responding to Paragraph 35, Defendant admits paragraph 35.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that they would not otherwise bear, Defendant further asserts the separate and distinct affirmative defenses stated below to each and every cause of action alleged in the Complaint except where such affirmative defense states that it is specifically limited to one or more causes of action:

FIRST AMENDMENT

As a first, separate and distinct affirmative defense, Defendant's conduct alleged in the complaint was protected by his rights under the First Amendment of the United States Constitution.

STATUTE OF LIMITATIONS

As a second, separate and distinct affirmative defense, the complaint is barred by the Statute of Limitations CCP §3339 (1).

LACHES

As a third, separate and distinct affirmative defense, Defendant alleges that the complaint is barred by laches.

ADEQUATE REMEDY AT LAW

As a fourth, separate and distinct affirmative defense, Defendant alleges that plaintiff has an adequate remedy at law.

UNCLEAN HANDS

As a fifth, separate and distinct affirmative defense, Defendant alleges any recovery by Plaintiff is barred by its own improper conduct or "unclean hands", including conduct that

5

1    caused or contributed to the damages Plaintiff alleges.

COMPLAINT IS MOOT

2

3       As a sixth, separate and distinct affirmative defense, Defendant alleges that the

4    Complaint is moot.

5       Defendant reserves the right to assert any and all additional affirmative defenses that

6    discovery or other evidence may reveal to be appropriate. Defendant further reserves the right to

7    amend his Answer or otherwise plead in response to Plaintiff's Complaint, and to file such other

8    Motions as it may deem advisable in defense of the case or as warranted by information adduced

9    through the discovery process.

10      WHEREFORE, said Defendant prays as follows:

11      1. That the action be dismissed with prejudice;

12      2. That the request for injunctive relief be denied and Plaintiff take nothing by this action;

13      3. That Defendant recover his costs of suit incurred herein, including attorneys' fees; and

14      4. For such other and further relief as the Court deems proper and just.

15

16      Dated:  June 1, 2023

17      _____
        DANIEL BERKO, Esq.
18      Attorney for Defendant DAVID KLEIN

19

20

21

22

23

24

25

26

27

28

6

CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

On June 1, 2023, I served the foregoing documents described as

**ANSWER TO COMPLAINT**

on all interested parties as stated below:

I HEREBY CERTIFY THAT ON JUNE 1, 2023, A COPY OF FOREGOING NOTICE OF APPEARANCE WAS FILED ELECTRONICALLY [AND SERVED BY MAIL ON ANYONE UNABLE TO ACCEPT ELECTRONIC FILING].

NOTICE OF THIS FILING WILL BE SENT BY E-MAIL TO ALL PARTIES BY OPERATION OF THE COURT'S ELECTRONIC FILING SYSTEM [OR BY MAIL TO ANYONE UNABLE TO ACCEPT ELECTRONIC FILING]. PARTIES MAY ACCESS THIS FILING THROUGH THE COURT'S SYSTEM.

DATED  JUNE 1, 2023.

CINE JOHNSON

7