**GREENBERG TRAURIG, LLP**
KURT A. KAPPES – SBN 146384
kappesk@gtlaw.com
MICHAEL D. LANE – SBN 263705
mdlane@gtlaw.com
HENRY A. STROUD – SBN 342479
henry.stroud@gtlaw.com
400 Capitol Mall, Suite 2400
Sacramento, CA  95814
Telephone:  (916) 442-1111
Facsimile:   (916) 448-1709

Attorneys for Plaintiff
JELLY BELLY CANDY COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JELLY BELLY CANDY COMPANY, <br><br>     Plaintiff, <br><br> v. <br><br> DAVID KLEIN, <br><br>     Defendant. | CASE NO. 2:22-CV-01509-KHM-JDP <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> [Filed concurrently with: <br> 1. Notice of Motion and Motion; <br> 2. Declaration of Henry Stroud; and <br> 3. [Proposed] Order] <br><br> <u>Hearing</u>: <br> Date:        February 3, 2025 <br> Time:        1:30 p.m. <br> Courtroom: 4 |

1.  **INTRODUCTION**

Plaintiff Jelly Belly Candy Company ("JBCC") seeks to amend its Complaint to protect the Jelly Belly® trademark and brand from Defendant David Klein ("Mr. Klein") and his affiliated business, Welly Jelly LLC ("Welly Jelly" and together with Mr. Klein, "Defendants"). Defendants are misusing the Jelly Belly® trademark and brand. Specifically, Defendants are marketing their cannabidiol-infused jelly beans in a way that infringes and dilutes the distinctive quality of the famous Jelly Belly® trademark. JBCC requests that the Court permit it to amend its Complaint to assert its trademark-related claims to protect JBCC's intellectual property rights.

The Court should grant JBCC leave to amend its Complaint because JBCC's proposed amendment meets the Ninth Circuit's liberal amendment standard. *First*, JBCC brings this proposed amendment in good faith. *Second*, JBCC did not unduly delay seeking leave to amend. The parties have not begun discovery, and the Court has not entered a scheduling order or set a trial date. *Third*, JBCC's proposed amendment will not prejudice Welly Jelly or Mr. Klein. The case is still in its very early stages. *Fourth*, JBCC's new claims are not futile; they are not only well pled in the proposed amended Complaint, but are well supported by the facts and warrant consideration on the merits.

The Court should grant JBCC's motion for leave to amend the Complaint and allow JBCC to pursue its claims against Mr. Klein and Welly Jelly for their misuse of the Jelly Belly® trademark and brand.

II.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   A.  **Background**

Mr. Klein came up with the Jelly Belly name in 1976 and, in 1980, sold the Jelly Belly® trademark to JBCC[1] for $4.8 million. (ECF No. 1 ("Complaint") ¶ 10; ECF No. 42 ("Answer") ¶ 10.) Since then, Mr. Klein has not been involved with JBCC. (*Id.*) Mr. Klein is not, and never has been, the founder of JBCC. (*Id* ¶ 8.)

In the years since Mr. Klein sold the Jelly Belly trademark to JBCC, he has consistently promoted his independent business ventures by touting his early, brief purported affiliation with

---

[1] At the time of purchase, JBCC was called the Herman Goelitz Candy Company.

JBCC, including by falsely claiming that he is the founder of JBCC. (Complaint ¶ 11.) Mr. Klein's conduct has forced JBCC to issue multiple statements clarifying that Mr. Klein is not the founder and is not affiliated with JBCC. (*Id.* ¶¶ 14-21.)

### B.     Procedural History

Mr. Klein filed a lawsuit in New York arguing that JBCC's statements clarifying Mr. Klein's relationship to JBCC were defamatory. (Complaint ¶ 24; Answer ¶ 24.) In response to JBCC's motion to dismiss based on the New York statute of limitations, Mr. Klein voluntarily dismissed the New York lawsuit in order to forum shop for a jurisdiction with a longer defamation statute of limitations. (*Id.*) Before Mr. Klein refiled his baseless claims, on August 22, 2022, JBCC filed this lawsuit for declaratory relief seeking a judgment declaring that Mr. Klein is not the founder of JBCC, and that JBCC's statements clarifying such are not defamatory. (ECF No. 1.)[2]

Mr. Klein evaded service of JBCC's Complaint for months, and on October 27, 2022, JBCC moved for approval of an alternative service method. (ECF No. 10.) On October 28, 2022, the Court granted JBCC's motion, allowing JBCC to serve Mr. Klein by email. (ECF No. 12.) Mr. Klein then disputed that service, but on November 4, 2022, the Court issued a Minute Order declaring that JBCC's service on Mr. Klein was effective as of October 28, 2022, and specially setting Mr. Klein's response deadline as December 2, 2022. (ECF No. 17.) Mr. Klein then moved to dismiss the Complaint (ECF Nos. 20, 24, 26), only to withdraw that motion six months later. (ECF No. 40.) On June 1, 2023, some ten months after JBCC filed its Complaint, Mr. Klein filed his Answer. (ECF No. 42.)

---

[2] Undeterred, Mr. Klein refiled his claims in Massachusetts on September 28, 2022. That court transferred the action to the Eastern District of California on December 30, 2022, *Klein v. Jelly Belly Candy Company*, No. 2:23-cv-00035-DAD-JDP. JBCC made two motions in that action after it was transferred to this Court: (a) a motion to strike Klein's claims pursuant to California's anti-SLAPP statute based on California's 1-year statute of limitations and other grounds, seeking the dismissal of Klein's claims and to recover the fees JBCC incurred in defending Mr. Klein's claims; and (b) a motion for the fees it incurred in the prior New York action under Federal Rule of Civil Procedure 41(d), which provides that a plaintiff who voluntarily dismisses an action and then refiles it in another jurisdiction may be ordered to pay the defendant's fees incurred in defending the first action. On March 7, 2023, this Court granted both motions and dismissed Mr. Klein's claims with prejudice. On June 22, 2023, the Court awarded JBCC $276,408.95 in fees. JBCC is in the process of collecting on that judgment.

In his Answer, Mr. Klein conceded all the material allegations establishing JBCC's claim for a declaratory judgment. Specifically, Mr. Klein admitted that he was not the founder of JBCC and that the statements upon which he based his claims in the Defamation Action are not defamatory:

- "Defendant admits that Plaintiff is not involved in any way with Defendant." (Answer ¶ 12.)
- "Defendant does admit he is not the founder of Jelly Belly®." (Answer ¶ 15.)
- "Defendant admits that the Jelly Belly® Candy Company is not associated with Defendant in any way." (Answer ¶ 19.)
- "To the extent that the complaint [in the Defamation Action] alleged that Defendant was the original founder of plaintiff the Jelly Belly® Candy Company, that was not intended and is an error." (Answer ¶ 32).
- "Defendant denies that the complaint alleged three defamatory statements, but rather two (the Washington Post and Refinery 29 statement). Defendant admits that those two statements are not defamatory." (Answer ¶ 32.)
- "Defendant denies there is an ongoing controversy 'concerning whether Defendant is the 'founder' of the Jelly Belly® Candy Company, formerly known as the Herman Goelitz Candy Company.' Defendant does not now and never has claimed he is the 'founder' of the Jelly Belly Candy Company, formerly known as the Herman Goelitz Candy Company." (Answer ¶ 34.)

Thus, Mr. Klein admitted without reservation JBCC's allegation that "Jelly Belly is therefore entitled to a declaratory judgment that the three statements Defendant attributes to Jelly Belly regarding the 'founder' of the Jelly Belly Candy Company are true and are not defamatory as to Defendant, and that Defendant is not the 'founder' of the Jelly Belly Candy Company." (Complaint ¶ 35; Answer ¶ 35.) Given these admissions, to date, JBCC has not pursued lengthy and expensive discovery regarding its existing claims against Mr. Klein. Rather, JBCC proposed on various occasions that the parties stipulate to a declaratory judgment, but the parties have not been able to reach an agreement.

### C. JBCC Learns of Another Infringer, Welly Jelly

In the midst of the numerous legal actions between Mr. Klein and JBCC, JBCC learned that Mr. Klein had become involved in another business endeavor, Welly Jelly, and that he promoted Welly Jelly using his purported affiliation with JBCC. Welly Jelly sells cannabidiol-infused jelly beans across the United States. (Declaration of Henry Stroud ("Stroud Decl."), Ex.

2 ("Proposed First Amended Complaint") ¶ 6.)  Cannabidiol ("CBD") infused food products are not legal under federal law.  (*Id.* ¶ 57[3].)

The Welly Jelly website explicitly promotes Welly Jelly through Mr. Klein's purported affiliation with JBCC.  (*Id.* ¶ 55.)  Moreover, the Welly Jelly marks are confusingly similar to Jelly Belly® marks of which JBCC is the owner of trademark registrations comprising or incorporating the mark "Jelly Belly" in association with candy and/or jelly beans in Class 30 and nutritional supplements in Class 5 (together with JBCC's common law right to use of the "Jelly Belly" mark, "Marks").  (*Id.* ¶ 62.)  Defendants have at least constructive knowledge of the rights claimed in the Marks because of JBCC's federal registrations.  (*Id.* ¶ 80.)  And Mr. Klein has actual knowledge of the Marks.  (*Id.* ¶ 81.)  Despite this knowledge, Defendants have used the infringing Welly Jelly mark in commerce in association with jelly bean candy and nutritional supplements in a manner that infringes upon the JBCC Marks and is likely to cause confusion as to the source of the Welly Jelly jelly beans, leading the consuming public to believe that Welly Jelly's jelly beans are in some way connected with JBCC.  (*Id.* ¶ 99.)  Additionally, Welly Jelly's misuse of JBCC's famous and distinctive Marks have diluted the positive associations represented by the Marks by lessening their capacity to identify and distinguish JBCC's products and by causing the Marks to be associated with products not made, sponsored, or approved by JBCC.

On December 18, 2024, JBCC sent Welly Jelly a Cease and Desist letter through its registered agent of process, demanding that Welly Jelly cease its infringement and misuse of JBCC's Marks.  (Stroud Decl. ¶ 3, Ex. 1.)  As of this filing, Welly Jelly continues to distribute CBD-infused jelly beans bearing a substantial resemblance to the Jelly Belly name and Marks.  Thus, JBCC brings this Motion.[4]

By the proposed First Amended Complaint, JBCC seeks to name Welly Jelly as a

---

[3] See Food and Drug Administration letters warning companies against the sale of food containing CBD and noting that "CBD-containing products in forms that are appealing to children, such as gummies, hard candies and cookies, are especially concerning."  < https://www.fda.gov/food/hfp-constituent-updates/fda-warns-companies-illegally-selling-food-and-beverage-products-contain-cbd>.

[4] JBCC and Welly Jelly had an encouraging discussion towards resolving the dispute on December 23, 2024, and hope to conclude a resolution in the new year.  In the meantime, however, JBCC preserves its rights by filing this Motion.

1 defendant, and to add six causes of action against Mr. Klein and Welly Jelly: (1) Federal Trademark Infringement; (2) Federal Unfair Competition; (3) Federal Trademark Dilution; (4) Unfair Competition in Violation of Cal. Bus. & Prof. Code Section 17200 *et seq.*; (5) Common Law Unfair Competition; and (6) Dilution in Violation of Cal. Bus. & Prof. Code Section 14200 *et seq.*  (Stroud Decl., Ex. 2.)

### III.    LEGAL ARGUMENT

#### A.    Summary of Governing Law

Leave to file an amended complaint "shall be freely given when justice requires." FED. R. CIV. P. 15(a).  This policy is to be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The party seeking to amend need only establish that the amendment is necessary to achieve "justice." *Id*.  The burden is on the party opposing the motion to establish why justice would be better served by denying leave to amend. *Lillis v. Apria Healthcare*, Case No. 12-CV-52-IEG (KSC), 2012 WL 4760908, at *2 (S.D. Cal. Oct. 5, 2012) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).)   The liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. *DCD Programs,* 833 F.2d, 186.

#### B.    Adding Welly Jelly by Amendment is Proper

The Federal Rules expressly permit the addition of a new party through amendment. Adding a new party by amendment is proper where the allegations against the new party "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" with the original defendant and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A-B).  Rule 20(a) "does not require that all questions of law and fact raised by the dispute be common." *Russo v. Fed. Medical Servs., Inc.*, Case No. 24-cv-00748-PCP, 2024 WL 4718557, at *2 (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974).)  The purpose of Rule 20(a) is to "identify those shared issues that will collectively advance the prosecution of multiple claims in a joint proceeding."  *Id.* at 1 (citing *Campbell v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).)   These requirements are "relatively loose" to "allow district courts discretion in granting joinder."  *Id.*  Adding Welly Jelly by amendment is

proper because the new allegations against Welly Jelly arise out of the same occurrences as those against Mr. Klein in the Complaint, and both Complaints have common questions of law and fact.

The claims against Welly Jelly in the proposed First Amended Complaint arise out of the same transaction, occurrence, or series of transactions or occurrences and are based on common laws and facts as the claims against the original defendant, Mr. Klein.  In the proposed First Amended Complaint, JBCC alleges that Welly Jelly is, together with Mr. Klein, selling CBD-infused jelly beans that are confusingly similar to JBCC's jelly beans.  (Stroud Decl., Ex. 2 ¶ 6.) JBCC also alleges that Welly Jelly compares the Welly Jelly product to Jelly Belly jelly beans through Welly Jelly's connection with Mr. Klein.  (*Id.* ¶ 34.)  Thus, by the proposed First Amended Complaint, JBCC seeks, among other remedies, a permanent injunction enjoining Mr. Klein and Welly Jelly from their continued infringement on JBCC's intellectual property rights.  (*Id.*, Prayer for Relief ¶ D.)

The proposed First Amended Complaint arises from the same occurrences as those alleged in the Complaint and pertains to substantially similar questions of law and fact.  Adding Welly Jelly by amendment is proper under Rule 20(a).

### C.     Leave to Amend is Proper Under Ninth Circuit Precedent

Courts in the Ninth Circuit liberally grant leave to amend the pleadings.  Four factors guide the analysis: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment.  *DCD Programs*, *supra*, 833 F.2d, 186.  The Court should grant all inferences in favor of amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, all four factors weigh heavily toward granting JBCC leave to amend.

*JBCC does not seek leave to amend in bad faith*.  In the context of a motion for leave to amend, "bad faith" means acting with the intent to deceive, harass, mislead, delay, or disrupt. *Wizards of the Coast LLC v. Crytozoic Ent. LLC*, 309 F.R.D. 646, 651 (W.D. Wash. 2015) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).)  JBCC does not bring its proposed amendment in bad faith. Before filing this Motion, JBCC sent Welly Jelly a Cease and Desist

letter in a good-faith effort to resolve this dispute without the need for litigation. (Stroud Decl. ¶ 3, Ex. 1.)

*JBCC did not unduly delay before seeking leave to amend*. In analyzing the delay factor, the Court should consider (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991). Undue delay alone cannot justify denial of a motion requesting leave to amend; rather, the delay must have caused actual prejudice to the non-moving party. *DCD Programs*, 833 F.2d 183, 187; *see also Howey v. U.S.*, 481 F.2d 1187, 1190 (1973) ("While it is true that the motion was made five years after the third party complaint had been filed, we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend. Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.") Here, there is no undue delay because JBCC filed its motion long before discovery will close in this action and even before the Court has issued a scheduling order setting a discovery end date or a trial date.

*The proposed amendment will not prejudice Klein or Welly Jelly*. Prejudice is the touchstone of the leave to amend inquiry. *Eminence*, *supra*, 316 F.3d at 1052. "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 483 (E.D. Cal. 2022) (citing *DCD Programs*, 833 F.2d, 187-88.) Prejudice is ordinarily limited to situations in which "the claims sought to be added would have greatly altered the nature of the litigation ***and*** would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (emphasis added). Here, there will be no prejudice to Klein or Welly Jelly because discovery has not begun, and the Court has not set a trial date or issued a scheduling order. Moreover, Welly Jelly is not prejudiced by its addition in this early stage of litigation because of its connection with Mr. Klein, given Mr. Klein's knowledge of the existence and subject of this lawsuit. *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1948, 1503 (9th Cir. 1994) (holding

prejudice to new defendant is minimal where "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.")

Because this litigation is still in the early stages, and because Welly Jelly had knowledge of this suit through Klein, neither Klein nor Welly Jelly would be prejudiced by the proposed amendment.

*JBCC's new proposed causes of action are not futile.* A proposed amendment may be denied as futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). Denial of leave to amend on this ground is "rare" because "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Chang v. Cashman*, 723 F.Supp. 3d 772, 783 (N.D. Cal. 2024) (citing *Carranza v. City of San Pablo*, No. 4:20-CV-08443-SBA, 2022 WL 110647, at *4 (N.D. Cal. Jan 12, 2022).

In its proposed First Amended Complaint, JBCC adds causes of action for: (1) Federal Trademark Infringement; (2) Federal Unfair Competition; (3) Federal Trademark Dilution; (4) Unfair Competition in Violation of Cal. Bus. & Prof. Code Section 17200 *et seq*.; (5) Common Law Unfair Competition; and (6) Dilution in Violation of Cal. Bus. & Prof. Code Section 14200 *et seq.* (Stroud Decl., Ex. 2.) JBCC has adequately alleged all required elements of these claims, and they deserve consideration on the merits.

### D.  Permitting Amendment Would Promote the Interests of Judicial Economy and Justice.

Finally, the Court should permit JBCC to amend the Complaint in the interests of judicial economy and justice. If leave to amend is not granted, JBCC will simply file a separate suit in this Court against Mr. Klein and Welly Jelly. Such a course would be duplicative and inefficient.

### IV.  CONCLUSION

JBCC has satisfied the liberal standards for amendment of the Complaint to add additional defendants and causes of action and has established that such amendment best serves

the interests of judicial economy and justice.  JBCC respectfully requests that this Court grant leave to file the First Amended Complaint.

Dated:  December 26, 2024									GREENBERG TAURIG, LLP

By: */s/ Kurt A. Kappes*
    Kurt A. Kappes
    Michael D. Lane
    Henry A. Stroud

Attorneys for Plaintiff
JELLY BELLY CANDY COMPANY